# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Crossroads Residents Organized for Stable
and Secure ResiDencieS (CROSSRDS),
an unincorporated association;

Linda Lee Soderstrom, Maria Johnson,
Craig Goodwin, Donna Goodwin, Jurline Bryant,
Claire Jean Lee, Viky Martinez-Melgar,
Aurora Saenz, Deborah Suminguit,
on behalf of themselves and all others similarly situated;

Norma Ziegler, Darlene Fisher, Samuel Graham,
Carlos Hines, Kenneth Orr, Bernard Campbell,
Lisa Brown, David Moffet, Quaintance Clark,
Khadijah Abdul-Malik, Kevin Vaughn,
Maria de Lourdes Vargas-Pegueros,
Julio Stalin de Toumiel, Rocillo Rodriquez,
Sandra Ponce, Kerly Rios, Juan Martinez,
Mercedes Melgar, Tamara Ann Bane,
Charles Ward, Tressie Neloms, Dorothy Pickett,
Sylvia Anderson, Guadalupe Rodriguez Bonilla,
Tyrus Johnson, Leticia Barban, Alice Joiner,
Beverly Griffin; and

HOME Line,

       Plaintiffs,

  v.                                                                                          **MEMORANDUM OPINION**
                                                             **AND ORDER**
MSP Crossroads Apartments LLC, and                      Civil No. 16-233 ADM/KMM
Soderberg Apartment Specialists,

       Defendants.

___

Kirsten G. Marttila, Esq., Charles N. Nauen, Esq., Kate M. Baxter-Kauf, Esq., and Sahr A.M. Brima, Esq., Lockridge Grindal Nauen P.L.L.P., Minneapolis, MN; and Timothy L. Thompson, Esq., and John D. Cann, Esq., Housing Justice Center, Saint Paul, MN, on behalf of Plaintiffs.

Claire Jean Lee, pro se.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on named Plaintiff Claire Jean Lee's ("Lee") Objection [Docket No. 91] to Magistrate Judge Katherine M. Menendez's January 11, 2017 Order [Docket No. 82] granting counsel's Motion to Withdraw as Individual Counsel for Plaintiff Claire Jean Lee [Docket No. 62].[1]  For the reasons set forth below, the Objection is overruled.

## II. BACKGROUND

This putative class action lawsuit, filed in February 2016, alleges that defendants' conduct at the Crossroads at Penn Apartments in Richfield, Minnesota resulted in violations of the Fair Housing Act, 42 U.S.C. § 3601 et seq., and Minn. Stat. § 504B.315.  The Complaint names a total of 39 plaintiffs:  9 putative class representatives who seek to represent a class of tenants, as well as 28 tenants and 2 organizational plaintiffs who are each pursuing individual claims.  Compl. [Docket No. 1].  Lee is named as a class representative in the Complaint.  Id.[2]

At the time the case was filed, Plaintiffs were represented by attorneys at the Housing Justice Center.  Marttila Aff. [Docket No. 65] ¶ 1.  In July 2016, the Court denied in large part a motion to dismiss by Defendants.  Mem. Op. & Order [Docket No. 41].  In October 2016, the law firm of Lockridge Grindal Nauen P.L.L.P. joined the Housing Justice Center in representing

---

[1] The Order also granted Plaintiffs' Motion to Appoint Interim Co-Class Counsel [Docket No. 68] and amended the Pretrial Scheduling Order [Docket No. 47] by adjusting the deadlines for filing motions to amend the pleadings.  See Order 2–3.  No objections have been filed to these additional rulings.

[2] The Complaint incorrectly identifies Lee's first name as Clara, rather than Claire.  The docket has since been changed to correctly reflect her name as Claire Jean Lee.  See Order, Jan. 24, 2017 [Docket No. 86] at 1 n.l.

Plaintiffs. See Notice Appearance [Docket No. 57]. Shortly thereafter, in the course of discovery and considering the configuration of an Amended Complaint, counsel became aware for the first time of a concurrent conflict of interest between Lee and the class she seeks to represent. Marttila Aff. ¶ 2. Plaintiffs' counsel describes the conflict as follows:

> [I]t is highly likely that, in drafting and litigating an Amended Complaint, a difference in Ms. Lee's and the rest of the Class's interests will materialize that will significantly limit counsel's ability to both: (1) consider or pursue certain reasonable courses of action that should be pursued on Ms. Lee's behalf, and also (2) do the same on behalf of the Class. Counsel does not reasonably believe that we would be able to provide competent and diligent representation to each affected client if simultaneous representation were to continue.

Id.

Plaintiffs' counsel scheduled a telephonic status conference with Judge Menendez to inform the Court of the situation. Lee was informed of and participated in the telephonic conference, which was held on November 22, 2016. Marttila Aff. ¶ 3; Min. Entry, Nov. 22, 2016 [Docket No. 60]. During the conference, Plaintiffs' counsel explained the nature of the conflict that prevented them from drafting and litigating an Amended Complaint. Marttila Aff. ¶ 4. Plaintiffs' counsel stated that they would move to withdraw from representing Lee as an individual, but that they believed they could ethically continue to represent the class based on their duties to Lee as a former client and their obligations to the class. Id.

On December 5, 2016, Plaintiffs' counsel filed the motion to withdraw as individual counsel for Lee. Plaintiffs' counsel argued that continuing to represent Lee while also representing the class would violate Minnesota Rule of Professional Conduct 1.7(a)'s requirement that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest." Minn. R. Prof. Conduct 1.7(a).

Lee filed a response in opposition, arguing that Plaintiffs' counsel had provided no facts or evidence to support a conflict of interest. Pl.'s Resp. [Docket No. 80]. Lee also argued that she would be prejudiced by counsels' withdrawal because she lacked the knowledge or expertise to represent herself in this complex case, and because she has physical and mental disabilities that would likely be exacerbated if she were to represent herself.

On January 5, 2017, Judge Menendez held a hearing on the motion for withdrawal as Lee's individual counsel. Min. Entry, Jan. 5, 2017 [Docket No. 81]. Lee was present at the hearing and responded to Plaintiffs' counsel's arguments. Id.; Obj. at 1. The court minutes state that "[p]art of the argument covered issues of privilege. For those parts of the discussion, defense counsel left the courtroom and the record was sealed." Min. Entry, Jan. 5, 2017.

On January 11, 2017, Judge Menendez issued the Order granting the motion to withdraw as counsel. The Order states in relevant part:

> Counsel has complied with the dictates of Local Rule 83.7, and has shown good cause for the withdrawal. Specifically, counsel has established that they cannot continue to represent Ms. Lee due to a conflict of interest. The Court notes, and plaintiffs' counsel has agreed, that this withdrawal is only as to representation of Ms. Lee's individual claims and does not affect counsel's representation of Ms. Lee as a member of the putative class.

Order at 2 ¶ 1.

On January 20, 2017, Lee filed a request for a transcript from the January 11 hearing. Tr. Request [Docket No. 85]. The Court denied the request because no testimony was taken at the hearing and because Judge Menendez's Order was clear that the motion was granted based on a conflict of interest. Order, Jan. 24, 2017 [Docket No. 86].

Thereafter, Lee filed a letter requesting reconsideration of the transcript request, arguing

that she has a hearing impairment that prevented her from hearing and understanding what was said in the courtroom.  Letter, Jan 27, 2017 [Docket No. 88].  The Court denied the request for reconsideration because "any appeal of Judge Menendez's Order will be narrow and reviewed under the highly deferential clearly erroneous standard."  Order, Jan. 27, 2017 [Docket No. 89] at 2.  The Court further stated that in ruling on Lee's appeal, it "would rely upon Judge Menendez's Order, the affidavits on file and the written memoranda of the parties.  The Court will not base its decision upon anything that was said at the hearing, as the Court is also without a transcript of the January 5, 2017 proceeding."  Id.

### III.  DISCUSSION

**A.  Standard of Review**

The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential.  Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  The district court must affirm an order by a magistrate judge unless it is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726,728 (8th Cir.1996).  "A decision is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'"  Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

**B. Standard for Withdrawal**

The Minnesota Rules of Professional Conduct, which have been adopted by the District Court pursuant to Local Rule 83.6(a), permit a lawyer to withdraw from representing a client if "good cause for withdrawal exists." Minn. R. Prof. Conduct 1.16(b)(7). Similarly, Local Rule 83.7(c) provides that an attorney who seeks to withdraw without substitution of counsel "must move to withdraw and must show good cause. The attorney must notify his or her client of the motion." If the requirements of these rules are satisfied, "withdrawal is presumptively appropriate." Sanford v. Maid-Rite Corp., 816 F.3d 546, 549 (8th Cir. 2016).

"Good cause" exists when counsel cannot adequately represent a client without violating the Rules of Professional Conduct. Universal-Polygram Int'l Publ'g Inc. v. Prairie Broad. Co., No. 09-0576, 2009 WL 1955618, at *3 (D. Minn. July 7, 2009). Rule 1.7(a) of the Minnesota Rules of Professional Conduct prohibits a lawyer from representing a client "if the representation involves a concurrent conflict of interest." A concurrent conflict of interest exists if "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person, or by a personal interest of the lawyer." Minn. R. Prof. Conduct 1.7(a)(2).

The Minnesota Court of Appeals has recognized the dilemma faced by an attorney who seeks to withdraw based on a conflict of interest: the lawyer "must 'zealously assert[] the client's position,'" but "must 'not knowingly reveal information relating to the representation of a client.'" State v. Le, No. A13-1709, 2014 WL 4494279, at *3 (Minn. Ct. App. Sept. 15, 2014) (quoting Minn. R. Prof. Conduct pmbl. [2] and Minn. R. Prof Conduct 1.6(a)). "Because of these two duties, a court seeking an explanation for an attorney's withdrawal should accept as

sufficient '[t]he lawyer's statement that professional considerations require termination of the representation.'" Id. (quoting Minn. R. Prof. Conduct 1.16 cmt. [3]).

**C. Analysis**

Judge Menendez determined that Plaintiffs' counsel had "[s]pecifically . . . established that they cannot continue to represent Ms. Lee due to a conflict of interest." Order at 21. Because Plaintiffs' counsel could not adequately represent Lee without violating Rule 1.7(a) of the Minnesota Rules of Professional Conduct, Judge Menendez correctly concluded that good cause exists for the withdrawal.

Lee argues that the Order must be overturned because she was "given no facts or arguments in support of any alleged conflict of interest from Plaintiff's counsel who brought the motion." Obj. at 3. However, the affidavit supporting the motion to withdraw describes the nature of the conflict:

> [I]t is highly likely that, in drafting and litigating an Amended Complaint, a difference in Ms. Lee's and the rest of the Class's interests will materialize that will significantly limit counsel's ability to both: (1) consider or pursue certain reasonable courses of action that should be pursued on Ms. Lee's behalf, and also (2) do the same on behalf of the Class.

Marttila Aff. ¶ 2. Based on Plaintiffs' counsel's duty to preserve the attorney-client privilege, this sworn statement is sufficient to establish that a conflict of interest exists.

Lee additionally argues that "the magistrate doesn't even mention [in the Order] that Plaintiff won't be prejudiced." Obj. at 3. Where good cause has been established, the presumption favoring withdrawal might nevertheless be disregarded if withdrawal "would severely prejudice the client or third parties." Sanford, 816 F.3d at 550. Lee will not be severely prejudiced by the withdrawal of Plaintiffs' counsel because the case is in its early stages, Lee

faces no impending deadlines, and counsel has ensured that Lee is current on her discovery obligations. Marttila Aff. ¶ 6. Additionally, Plaintiffs' counsel's withdrawal does not affect counsel's representation of Lee as a member of the putative class. Withdrawal by counsel from representation of Lee is only as to her individual claims. Because Lee will not be severely prejudiced by the withdrawal, she cannot overcome the presumption that withdrawal is appropriate.

For these reasons, the Order is not clearly erroneous or contrary to law, and Lee's Objection is overruled.

### IV.  CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Claire Jean Lee's Objection [Docket No. 91] is **OVERRULED** and Magistrate Judge Katherine M. Menendez's January 11, 2017 Order [Docket No. 82] is **AFFIRMED**.

BY THE COURT:

    s/Ann D. Montgomery  
ANN D. MONTGOMERY  
U.S. DISTRICT JUDGE

Dated:  March 13, 2017.