UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Linda Lee Soderstrom, Maria Johnson,
Craig Goodwin, Jurline Bryant, Norma
Ziegler, and Julio Stalin de Tourniel, on
behalf of themselves and others similarly
situated,

Claire Jean Lee, individually, and

HOME Line, a Minnesota nonprofit
corporation,

        Plaintiffs,

  v.

MSP Crossroads Apartments LLC, a
Minnesota corporation, and Soderberg
Apartment Specialists (SAS), a Minnesota
corporation,

        Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 16-233 ADM/KMM

---

Kristen G. Marttila, Esq., Charles N. Nauen, Esq., and Kate M. Baxter-Kauf, Esq., Lockridge Grindal Nauen P.L.L.P., Minneapolis, MN; and Timothy L. Thompson, Esq., John D. Cann, Esq., and Lael Robertson, Esq., Housing Justice Center, Saint Paul, MN, on behalf of Class Plaintiffs.

Claire Jean Lee, pro se.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Plaintiff Claire Jean Lee's ("Lee") Objections [Docket Nos. 135, 137] to Magistrate Judge Katherine M. Menendez's Second Amended Pretrial Scheduling Order [Docket No. 130] and Lee's Objection [Docket No. 138] to Judge Menendez's May 8, 2017 Order [Docket No. 132]. For the reasons set forth below, Lee's Objections are overruled.

## II. DISCUSSION

### A. Standard of Review

The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential. Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). The district court must affirm an order by a magistrate judge unless it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir.1996). "A decision is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

### B. Objections to Second Amended Pretrial Scheduling Order

Lee argues the deadlines in the Second Amended Pretrial Scheduling Order are unfair to her for numerous reasons. She requests that each date in the scheduling order be lengthened "by at least 3 months and preferably 6 months." Obj. [Docket No. 137] at 2.[1]

A district court possesses the inherent power "to manage its docket and courtroom with a view toward the efficient and expedient resolution of cases." Dietz v. Bouldin, 136 S. Ct. 1885,

---

[1] Lee also suggests that Class Counsel should be sanctioned "for essentially lying to and misleading the court." Obj. [Docket No. 137] at 2. These allegations are entirely without merit and bear no further discussion. Lee's allegations that Judge Menendez has not treated her respectfully are also without merit. The record shows that Judge Menendez has devoted considerable time and attention to Lee's many grievances.

1892 (2016); see also Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The Second Amended Pretrial Scheduling Order is a fair and reasonable exercise of this power and is neither clearly erroneous nor contrary to law. The Objections to the Second Amended Pretrial Scheduling Order are overruled.

**C. Objection to May 8 Order**

Lee also objects to the May 8 Order in which Judge Menendez denied Lee's requests to: (1) reconsider the January 11, 2017 Order [Docket No. 82] permitting counsel to withdraw from representing Lee on her non-class claims;[2] and (2) void or vacate the First Amended Complaint [Docket No. 110] and related Stipulation [Docket No. 106] between Class Plaintiffs and Defendants.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir.), as amended, 835 F.2d 710 (7th Cir. 1987)).

The Court agrees with Judge Menendez's well-reasoned conclusion that Lee's challenge to the decision allowing Interim Class Counsel to withdraw fails to satisfy the stringent standard governing motions for reconsideration. Lee will not be allowed to relitigate the already thoroughly litigated issue of withdrawal of counsel.

Judge Menendez also correctly concluded that Lee's request to vacate the First Amended

---

[2] Lee also filed an Objection [Docket No. 91] to the January 11 Order. On March 13, 2017, this Court overruled the Objection and affirmed the Order permitting Interim Class Counsel to withdraw from representing Lee on her individual claims. See Mem. Op. & Order [Docket No. 98].

Complaint equates to a motion to reconsider the March 27, 2017 Order [Docket No. 109] permitting the filing of the First Amended Complaint. Lee's request for reconsideration of this issue was properly denied due to the absence of "manifest errors of law or fact" or "newly discovered evidence." Hagerman, 839 F.2d at 414.

The May 8 Order is neither clearly erroneous nor contrary to law, and Lee's Objection to the May 8 Order is overruled.

### III.  CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Claire Jean Lee's Objections [Docket Nos. 135, 137] to Magistrate Judge Katherine M. Menendez's Second Amended Pretrial Scheduling Order [Docket No. 130] are **OVERRULED**.

2. The Second Amended Pretrial Scheduling Order [Docket No. 130] is **AFFIRMED**.

3. Claire Jean Lee's Objection [Docket No. 138] to Judge Menendez's May 8, 2017 Order [Docket No. 132] is **OVERRULED**.

4. The May 8, 2017 Order [Docket No. 132] is **AFFIRMED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 6, 2017.