# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Linda Lee Soderstrom, Maria Johnson, Craig Goodwin, Jurline Bryant, and Julio Stalin de Tourniel, *on behalf of themselves and others similarly situated*, and<br><br>HOME Line, *a Minnesota nonprofit corporation*,<br><br>Plaintiffs,<br><br>v.<br><br>MSP Crossroads Apartments LLC, *a Minnesota corporation*, and Soderberg Apartment Specialists (SAS), *a Minnesota corporation*,<br><br>Defendants. | Civil No.  0:16-cv-00233 (ADM/KMM)<br><br><br>**SETTLEMENT AGREEMENT** |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Settlement Agreement ("Settlement Agreement" or "Agreement") is entered into as of this 29th day of September, 2017 by and among Plaintiffs Linda Lee Soderstrom, Maria Johnson, Craig Goodwin, Jurline Bryant, and Julio Stalin de Tourniel (collectively "Class Representatives"), and Plaintiff HOME Line ("HOME Line," and with Class Representatives, "Plaintiffs") and on behalf of themselves and on behalf of the Settlement Classes (as hereinafter defined), and Defendants MSP Crossroads Apartments LLC and Soderberg Apartment Specialists (SAS) (collectively "Defendants") (Plaintiffs and Defendants are collectively referred to as the "Parties"). This Agreement is submitted pursuant to Fed. R. Civ. P. 23, and is subject to the approval of the Court.

## RECITALS

A.      Class Plaintiffs are prosecuting the above-captioned Action on their own behalf and on behalf of the Settlement Class, and HOME Line is prosecuting the above-captioned Action on its own behalf.

B.      On or about February 1, 2016, Plaintiffs commenced a lawsuit against Defendants in the United States District Court for the District of Minnesota, alleging that Defendants violated the federal Fair Housing Act, 42 U.S.C. § 3604 ("FHA"), and following subsequent amendment of the complaint the lawsuit proceeded under the above caption of *Soderstrom et al. v. MSP Crossroads Apartments LLC, et al.*, Civil No.  0:16-cv-00233 (ADM/KMM) ("Action").

C.      On June 14, 2017, the Court severed individual claims of Class Member and former named plaintiff Claire Jean Lee, and nothing in this Agreement shall be construed to affect her individual claims, if any, pending separately in the United States District Court for the District of Minnesota under the caption *Lee v. MSP Crossroads Apartments LLC et al.*, Civil No. 0:17-cv-02045 (ADM/KMM).

D.      Class Counsel (as hereinafter defined) conducted an investigation of the facts and analyzed the law relating to the matters set forth in the First Amended Complaint, including the review of documents and other discovery produced by Defendants. Based on that investigation and analysis, Class Counsel concluded that a settlement with Defendants according to the terms set forth below is fair, reasonable, and adequate, and beneficial to, and in the best interests of, Plaintiffs and the Class, given the uncertainties, risks, and costs of litigation.

E.      Defendants assert numerous defenses to Plaintiffs' claims and deny all allegations of wrongdoing in the Action.

F.      Plaintiffs and Defendants agree that this Settlement Agreement will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, or regulation or of any liability or wrongdoing by Defendants or of the truth of any of Plaintiffs' Claims or allegations.

G.      Despite their belief they are not liable for and have strong defenses to the claims asserted by Plaintiffs, Defendants desire to settle the Action solely to avoid the further expense, inconvenience, disruption, and burden of this litigation and (except for the severed individual claims, if any, of Claire Jean Lee, pending separately in the United States District Court for the District of Minnesota under the caption *Lee v. MSP Crossroads Apartments LLC et al.*, Civil No. 0:17-cv-02045 (ADM/KMM)) any other present or future litigation arising out of the facts that gave rise to this litigation, and to avoid the risks inherent in uncertain complex litigation, and thereby put to rest this controversy.

H.      Arm's-length settlement negotiations have taken place between Class Counsel and Defendants' Counsel (as hereinafter defined), including multiple settlement conferences facilitated by the Court, and this Agreement has been reached as a result of those arm's-length negotiations.

IT IS HEREBY AGREED, by and among the Parties, that this Action and all Released Claims (as hereinafter defined) are finally and fully settled and compromised and that this Action shall be dismissed in its entirety with prejudice as to the Released Party (as hereinafter defined) and without costs, subject to approval of the Court pursuant to Rule

23 of the Federal Rules of Civil Procedure, upon and subject to the following terms and conditions:

## I.      DEFINITIONS

As used in this Agreement and its Exhibits, the following terms shall have the following meanings:

### A.      Class Definition

"Settlement Class" means, collectively, the two classes described in Section II(A), below.

### B.      General Definitions

1.      "Action" means *Soderstrom et al. v. MSP Crossroads Apartments LLC, et al.*, Civil No. 0:16-cv-00233 (ADM/KMM), currently pending in the United States District Court for the District of Minnesota.

2.      "Award" means monetary relief provided to eligible members of the Settlement Class.

3.      "Class Claims" means any and all actual or potential causes of action, claims, contentions, allegations, assertions of wrongdoing, damages, losses, or demands for recoveries, remedies, or fees complained of, or relating or referred to, in the Action; except that Class Claims specifically exclude the individual claims, if any, brought by Claire Jean Lee in the separate action captioned *Lee v. MSP Crossroads Apartments LLC et al.*, Civil No. 0:17-cv-02045 (ADM/KMM) (D. Minn.).

4.      "Claim Form and Release" means the form to be completed by members of the Settlement Class seeking to become eligible to receive an Award, the content of which shall be substantially similar to that contained in Exhibit A to this Agreement.

5.      "Claims Deadline" means the date sixty (60) days after the Notice Date (or such other date as is set by the Court), by which each Claim Form and Release must be postmarked to be considered timely.

6.      "Class Counsel" means, collectively, the Housing Justice Center and Lockridge Grindal Nauen P.L.L.P.

7.      "Class Notice" means the notice to the Settlement Class that is approved by the Court, in accordance with Section X.

8.      "Class Period" means the period from and including September 30, 2015, until and including the Execution Date of this Agreement.

9.      "Court" or "District Court" means the United States District Court for the District of Minnesota and the Honorable Judge Ann D. Montgomery or her successor.

10.      "Date of Final Approval" means the date on which the Court enters an order granting final approval to this Settlement Agreement, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, as provided in Section VII(E).

11.      "Date of Preliminary Approval" means the date on which the Court enters an order granting preliminary approval to this Settlement Agreement, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, as provided in Section VII(B).

12.      "Effective Date" means either: (i) the date thirty (30) calendar days after the entry of the Final Order and Judgment Approving Settlement, if no motions for

reconsideration and/or no appeals or other efforts to obtain review have been filed; or (ii) in the event that a motion for reconsideration, appeal or other effort to obtain review has been initiated, the date thirty (30) calendar days after such appeal or other review has been finally concluded and is no longer subject to any further review, whether by appeal, petitions for rehearing, or otherwise.

13.    "Execution Date" means the date on which this Settlement Agreement is entered into and executed by all Parties or, if executed in counterparts, the date on which the final counterpart is executed.

14.    "Fairness Hearing" means a hearing on the settlement proposed in this Settlement Agreement held by the Court to determine whether the proposed settlement is fair, reasonable, and adequate, and whether it should be finally approved by the Court pursuant to Fed. R. Civ. P. 23.

15.    "Incentive Award" means an award sought for or conferred upon any or all of the individuals identified in Section IV(C) in consideration for their performance as named plaintiffs and current or former class representatives in the Action, as described in that section.

16.    "Notice Date" means the date upon which Class Notice is provided to members of the Settlement Class.

17.    "Notice Program" means the plan set forth in Section X(B)-(C) of this Agreement for providing notice to members of the Settlement Class, subject to the approval of the Court.

18.   "Objection Deadline" means the date sixty (60) days after the Notice Date (or such other date as is set by the Court), by which members of the Settlement Class must submit to Class Counsel any objections to the Settlement in accordance with Section XI.

19.   "Order and Final Judgment" means the order and final judgment of the Court approving the Settlement Agreement, as described in Section XIII.

20.   "Participating Class Member" means a Settlement Class Member who timely returns a Claim Form and Release as to one or both of the Classes.

21.   "Parties" or "Settling Parties" means Defendants and Plaintiffs.

22.   "Person(s)" means an individual or an entity.

23.   "Property" means the rental housing complex headquartered at 7620 Penn Ave South, Richfield, MN 55423, formerly known as Crossroads At Penn and currently known as Concierge Apartments.

24.   "Released Claims" means any individual, class, representative, group or collective claim, liability, right, demand, suit, matter, obligation, damage, loss, action or cause of action, of every kind and description, that a Releasing Party has or may have, including assigned claims, whether known or unknown, asserted or unasserted, latent or patent, suspected or unsuspected, concealed or hidden, that is, has been, could have been or in the future might reasonably be asserted under any body of law by the Releasing Party, either in the Court in which the Action is pending or any other court or forum, regardless of the legal theory or relief claimed, and regardless of the type of relief or amount of damages claimed, against any of the Released Parties arising from, or in any way relating to, their tenancy or application for tenancy at the Property (excluding those claims, if any,

asserted by Claire Jean Lee in the action captioned *Lee v. MSP Crossroads Apartments LLC et al.*, Civil No. 0:17-cv-02045 (ADM/KMM), pending in the United States District Court for the District of Minnesota).

25.     "Released Party" means Defendants and their predecessors, successors, assigns, subsidiaries and affiliates, and their respective past, present and future officers, directors, employees, partners, agents, servants, successors, attorneys, insurers, representatives, and assigns.

26.     "Releasing Party" means HOME Line and each Settlement Class member (including Class Plaintiffs) and any person claiming to act on behalf of, or to have derived a claim from, a Settlement Class member, regardless of whether the Settlement Class member received an Award.

27.     "Settlement Class Counsel" or "Class Counsel" means, collectively, Housing Justice Center and the law firm of Lockridge Grindal Nauen P.L.L.P.

28.     "Settlement Class Member" means each member of one or both Settlement Classes.

29.     "Settling Defendants' Counsel" means, collectively, the law firms of Meagher & Geer, P.L.L.P. and Hanbery & Turner, PA.

30.     "Settlement Proceeds" means the payments described in Section III(A).

31.     "Unit" means a single residential unit at the Property that was occupied by at least one Participating Class Member in the Displacement Class who timely submits a valid, executed Claim Form and Release.

## II.      CLASS SETTLEMENT

A.      **Settlement Classes**

Based on all of the files, records, and proceedings in the Action, including the above Recitals, Class Plaintiffs will seek, and Defendants agree not to oppose, approval and certification of two settlement classes (the "Displacement Class" and the "Application Class," or collectively, the "Classes") under Federal Rule of Civil Procedure 23(b)(2) defined as:

1.      **The Displacement Class.**  All persons who were tenants at the Property as of September 30, 2015, but no longer reside there and whose household at the time of their occupancy of the property included at least one person qualifying as a member of a protected class under the Fair Housing Act, 42 U.S.C. § 3602 et seq., (the "Act") under one of the following categories:

   a.      Non-white;
   b.      Handicapped as defined by the Act;
   c.      National origin; and
   d.      Familial status.  In this case, that would be limited to tenants who had or desired to have more than two individuals reside in the unit due to at least one individual under the age of 18 residing in the unit.

2.      **The Application Class.**  All persons who, from September 30, 2015, until the Execution Date of this Settlement Agreement, either applied for tenancy at the Property but were rejected, or completed a Guest Card expressing interest in tenancy at the Property but did not apply, as a result of the screening criteria imposed by Defendants and whose household included at least one person qualifying as a member of a protected class under the Act, under one of the following categories:

   a.      Non-white;
   b.      Handicapped as defined by the Act;
   c.      National origin; and
   d.      Familial status.  In this case, that would be limited to tenants who had or desired to have more than two individuals reside in the unit due to at least one individual under the age of 18 residing in the unit.

**B.      Equitable Relief By Defendants**

As fair and reasonable consideration for the equitable and injunctive relief requested by Plaintiffs in the Action, and the Parties agree that Defendants will implement the following equitable relief.

1.      Beginning on the Effective Date of this Settlement Agreement and continuing through three years from the Effective Date, Defendants will amend their screening criteria for applications for tenancy at the Property as follows:

   a.      In determining eligibility for tenancy at the Property, Defendants will discontinue the use of a standard requiring all tenants to have monthly income equal to at least two and one-half times the monthly rent amount. Defendants will not impose a minimum income requirement, except that where an applicant for tenancy has a zero credit score, the applicant must submit proof of monthly income equal to at least four times the monthly rent amount.

   b.      The occupancy of each unit at the Property will be limited to two persons per bedroom, however, Defendants will not consider individuals under the age of 2 years old for purposes of determining the number of occupants and will comply with Minnesota Statute section 504B.315.

   c.      In evaluating an applicant's rental history, Defendants will consider evictions for any reason at any time in the three years immediately preceding the date the application is submitted. Defendants will not consider evictions more than three years old as of the date the application is submitted. Defendants will not consider eviction actions when there is a judicial determination that the tenant is the prevailing party.

   d.      Applicants must have a credit score of 625 or higher.

   e.      In evaluating an applicant's criminal history, Defendants will not deny any applicant solely based on an arrest. Defendants will consider open and pending charges, and will look at convictions with consideration for the date of the disposition; the severity of the offense; the impact that the offense may have on the potential safety and welfare of residents and management staff; and conformance to rental licensing, local ordinance requirements, and participation in

any crime free/drug free housing program. Defendants will not consider criminal charges against an applicant that, upon final determination, did not result in a conviction.

f.  All applicants must provide a social security number, except that when an applicant does not have a social security number, the applicant must provide Defendants information sufficient for Defendants to obtain reliable information relating to the applicant's suitability for tenancy, including information related to credit score, rental history, and criminal history. Examples of information that may be sufficient, but are not necessarily sufficient under this paragraph include an I-94 form or passport, an Individual Taxpayer Identification Number (ITIN), a Permanent Resident Card or Alien Registration Receipt Card, Form 1-551, and Employment Authorization Card, or a Temporary Residence Card. An applicant's inability to provide such information sufficient for Defendants to obtain reliable information will result in rejection of the application.

g.  All applicants over the age of 18 must provide a current, government issued photo identification. Acceptable forms of identification include a valid drivers' license, valid identification card issued by a foreign or domestic government, valid United States military identification, or valid passport.

2.  Within 60 days of the Effective Date of this Settlement Agreement, Defendants will amend all screening criteria for applications for tenancy at the Property to be consistent with the terms of this Settlement Agreement, including in all public marketing materials, application materials, screening criteria disclosures, and any other publicly facing documents, including websites. Class Counsel retains the right to object to any materials that are not consistent with paragraph 2(a)(i) through (vii) of this section.

3.  Within 60 days of the Effective Date of this Settlement Agreement, Soderberg Apartment Specialists will recommend to the owners of each of the properties for which it is retained as the property management company that the owners of those properties amend the screening criteria applicable to applications for tenancy at those properties consistent with paragraph 2(a)(i) through (vii) of this section. At the time of the final approval hearing, Defendants will inform the Court of how many units will be subject to the amended screening criteria.

4.  Within one year of the Effective Date of this Settlement Agreement, Defendants will provide training on the Fair Housing Act to all leasing agents employed at the Property on the date that the training is provided. Class

counsel must consent to the trainer selected by Defendants, and such consent shall not unreasonably be withheld.   Class Counsel agrees that Robin Williams of Bassford Remele PA or one of her colleagues from the same firm, Justin Cummins of Cummins & Cummins, LLP, Housing Discrimination Law Project of MMLA, and HUD are acceptable training providers and may be used to provide the training without additional approval from Class Counsel.  However, nothing in this Agreement requires Defendants to use these training providers.

5.   If at any time during which the amended screening criteria identified in paragraphs 2(a)(i) through (vii) of this section apply Defendants believe that the amended screening criteria fails to adequately screen applicants for tenancy at the Property, Defendants may provide 30 days' written notice that it intends to amend the screening criteria set forth in paragraph 2(a)(i) through (vii) of this section.   Defendants' written notice shall include Defendants' stated reason(s) for amendment.  Class Counsel must provide Defendants written notice of any objection to the proposed amended screening criteria within 30 days of Class Counsel's receipt of Defendants' written notice, stating the reason for objection, or any objection will be waived.   Class Counsel will not unreasonably withhold its consent. Defendants may not unilaterally amend the screening criteria set forth in paragraph 2(a)(i) through (vii) of this section without Class Counsel's consent, Class Counsel's waiver of its opportunity to object, or Court approval.

6.   If MSP Crossroads Apartments LLC (MSP) or an entity in which MSP or at least one member or director of MSP beneficially owns, holds, or controls an ownership interest or which is an affiliate of MSP, acquires a property located within the seven-county metropolitan area within the next three years, and if that property is managed by Soderberg Apartment Specialists (SAS), Defendants agree that they will apply the screening criteria set forth in paragraph 2(a)(i) through (vii) of this section to applications for tenancy at that property for a period of two years and will comply with paragraph 2(b) of this section for the time period in which the property is owned by MSP or its affiliate and managed by SAS.  The term "controls" (including the terms "controlled by" and "under common control with") means the possession, directly or indirectly, of the power to direct or cause the direction of the management policies of an entity, whether through the ownership of stock or shares, by contract or credit arrangement or otherwise.  "Affiliate" shall mean any other person or entity which directly or indirectly (through one or more intermediaries) controls, or is controlled by, or is under common control with, the purchaser.

7.      After the expiration of three years following the Effective Date of this Settlement Agreement, the Parties to this Settlement Agreement will no longer have standing to enforce the Equitable Relief provisions provided in this Settlement Agreement.

8.      If at any time the Property is sold, the obligations set forth in paragraph 2(a)., subparagraph (i) through (vii), and paragraphs 2(b) through (e) of this section shall no longer apply to the Property effective as of the date of the closing on any such acquisition of the Property.

9.      Nothing in this Agreement shall affect any screening criteria Defendants use for applications for tenancy at the Property other than the screening criteria explicitly set forth in paragraph 2(a), subparagraphs (i) through (vii) of this section.

10.      Although the parties have agreed that Defendants may operate under this standard, Plaintiffs agree to this provision solely for purposes of settling the larger action, and do not concede or endorse the appropriateness or legality of all aspects of this standard in circumstances outside the terms of this settlement.

## III.      SETTLEMENT AMOUNT AND PAYMENT SCHEDULE

A.      As further fair and reasonable consideration for this Settlement Agreement, Defendants agree to pay a total of $650,000 to resolve all Released Claims, which amounts comprise the Settlement Proceeds.  Except as provided in Section III.B., the payment shall be delivered to Class Counsel's designee, pursuant to instructions to be provided by Class Counsel, within 10 days of the Effective Date of the Settlement Agreement.

B.      Settlement payments to Participating Class Members who are Medicare beneficiaries will be held in the client trust account of Defendants' attorneys at the law firm of Meagher & Geer, PLLP until the Released Party receives confirmation from Medicare that no "Conditional Payments," as that term is defined under the Medicare Secondary Payer statute, 42 U.S.C. § 1395y(b)(2)(B), have been made by Medicare on the Participating Class Member's behalf, or, if necessary, until the Participating Class Member

resolves any dispute with Medicare over the reimbursement of any Conditional Payments made by Medicare related to, arising from, or in connection with the Released Claims. Participating Class Members will be responsible for negotiating and/or appealing any Conditional Payment amounts with Medicare. If any Conditional Payments have been made by Medicare, the Participating Class Member's settlement payment will first be used to satisfy Medicare's reimbursement rights under the Medicare Secondary Payer statute, and any excess settlement payment funds, after the Conditional Payments are satisfied, will be made to the Participating Class Member.

## IV.    ALLOCATION OF SETTLEMENT PROCEEDS

The Settlement Proceeds will be allocated as follows:

A.    **Equitable Relief Fund.**  A minimum of $200,000, plus any funds remaining unspent after the notice and claims administration costs described in Section IV(F) or the Application Class claims under IV(B)(6) have been fully paid, and any funds deemed waived pursuant to Section X(G) following expiration of a check will be allocated to the NOAH Impact Fund, which is a subsidiary non-profit entity of the Greater Minnesota Housing Fund, for the purpose of assisting in the acquisition and preservation of naturally affordable rental properties in the Twin Cities Metro Area at risk of conversion to higher rents and the threat of displacement of low and moderate income residents.

B.    **Class Payments.**  A total of $300,000 will be allocated to Participating Class Members as follows:

1.      A total of $290,000 will be allocated to Participating Class Members with respect to the Displacement Class.  Although the size of payments made to Participating Class Members pursuant to this paragraph cannot be known until after the Claims Deadline, such payments will be allocated as follows: each Unit will be allocated a pro rata share of the funds allocated in this Section; if multiple Participating Class Members of the Displacement Class and associated with the same Unit timely submit a valid, executed Claim Form and Release, each such person will receive a pro rata share of the funds allocated for that Unit.  Any disputes among co-habitants concerning the allocation of any distributions under this Settlement must be addressed and resolved amongst the co-habitants outside the scope of this Settlement, and the existence of any such actual or potential disputes shall not be a basis for objecting to the Settlement.

2.      A total of $10,000 will be allocated to Participating Class Members with respect to the Application Class.  Awards pursuant to this Section will not exceed $25 per Participating Class Member, and any funds allocated pursuant to this Section but not distributed will revert to the Equitable Relief Fund.

C.      **Incentive Awards**.

1.      *Tier 1.*  Certain current or former Class Representatives who testified at a deposition in the Action *and* who attended one or more settlement

conference in their capacity as class representatives—Jurline Bryant and Maria Johnson—will each be allocated $2,500 as an Incentive Award.

2.   *Tier 2.*  Certain current or former Class Representatives who either testified at a deposition in the Action *or* who attended one or more settlement conference in their capacity as class representatives—Linda Soderstrom, Julio Stalin de Tourniel, and Viky Martinez-Melgar—will each be allocated $2,000 as an Incentive Award.

3.   *Tier 3.*  Certain current or former Class Representatives or Plaintiffs who produced documents to Defendants in the Action—Craig Goodwin, Norma Ziegler, and Kerly Rios —will each be allocated $1,000 as an Incentive Award.

D.   HOME Line will be allocated $40,000 to resolve all claims brought on its own behalf in the Action.

E.   Class Counsel will be allocated a total of $76,000 as reimbursement of reasonable litigation expenses and attorney's fees, as follows:

1.   Housing Justice Center will be allocated $46,000 as reimbursement of its reasonable litigation expenses and attorney's fees; and

2.   Lockridge Grindal Nauen P.L.L.P. will be allocated $30,000 as reimbursement of its reasonable litigation expenses and attorney's fees.

F.      A maximum of $20,000 will be allocated for expenses related to the Notice Program and Claims Administration, with the final amount and disposition to be awarded and approved by the Court.  Of such funds, a maximum of $5,000.00 may be allocated to HOME Line as fair compensation for work related to the Notice Program and Claims Administration that is conducted at the direction of Class Counsel and adequately documented.   Any funds allocated pursuant to this paragraph that are not ultimately awarded and approved by the Court will revert to the Equitable Relief Fund.

G.      The allocations to Plaintiffs and Class Members described in Sections IV(B) and (C), above, are contingent upon the timely return of valid, executed Claim Form and Releases. In order for a claim to be considered timely, a Settlement Class member must submit a completed Claim Form and Release within sixty (60) days after the Notice Date (the "Claims Deadline"), by mailing a completed Claim Form and Release to the Claims Administrator at the address designated in the Notice, with such mailing postmarked on or before the Claims Deadline.

## V.      RELEASE OF CLAIMS

Upon the Order and Final Judgment, and in consideration of the valuable consideration set forth in this Agreement, each Releasing Party shall be deemed to, and by operation of the Order and Final Judgment shall have, hereby fully, finally, and forever released, relinquished, and discharged the Released Party of and from any and all Released Claims that any Plaintiff or Settlement Class Member ever had, now has, or may have in the future.

## VI.     COOPERATION

Defendants will provide reasonable good faith cooperation with Plaintiffs and Settlement Class Counsel to facilitate the dissemination of Class Notice to Settlement Class Members, including providing the names, last known addresses, last known telephone number(s), and last known e-mail addresses of all Class Members, to the extent Defendants have and can reasonably access such information, and, for members of the Displacement Class, identifying the Unit each resided in at the Property, to the extent Defendants have and can reasonably access such information.  All information provided pursuant to this Section ("Cooperation Materials") shall be subject to the operative protective order entered in this Action.  Settlement Class Counsel shall use such Cooperation Materials solely for purposes of disseminating Class Notice in the Action, and for no other purpose.  Other than as provided herein, Settlement Class Counsel shall not disclose such Cooperation Materials to any Person (other than Persons directly involved in preparing or disseminating Class Notice in the Action, who are also prohibited from using Cooperation Materials for any other purpose than disseminating Class Notice in the Action).  The confidentiality requirements of this Paragraph shall continue to bind Plaintiffs and Settlement Class Counsel in the event that this Agreement is rescinded, terminated, not approved by the Court, or otherwise no longer in effect.

## VII.    SETTLEMENT ADMINISTRATION

A.    The Settlement Proceeds shall be administered pursuant to the provisions of this Settlement Agreement and subject to the Court's continuing supervision and control, until the Settlement Proceeds are fully distributed, as described in this section.  The Parties agree that Class Counsel will retain a third-party settlement administrator.  Accordingly,

the distribution of Settlement Proceeds to Class Members will be handled by the third-party administrator.

B.     After the Effective Date, the Settlement Proceeds shall be disbursed in accordance with a plan of distribution approved by the Court or other Court order.  The Settlement Class Members shall look solely to the Settlement Proceeds for settlement and satisfaction of any and all Released Claims from the Released Party.  Subject to approval by the Court, each Settlement Class Member seeking to receive funds distributed pursuant to this Agreement must execute a written release in favor of the Released Party of all Released Claims.

C.     Defendants will be solely responsible for determining whether any "Conditional Payments," as that term is defined under the Medicare Secondary Payer statute, 42 U.S.C. § 1395y(b)(2)(B), have been made by Medicare on a Participating Class Member's behalf.  To the extent that any Participating Class Member is a Medicare beneficiary, Settlement Class Counsel will provide Defendants' Counsel with information sufficient to make such a determination, as provided on that Participating Class Member's Claim Form and Release.  All information provided by Settlement Class Counsel pursuant to this Section shall be subject to the operative protective order entered in this Action.  Defendants shall use such information solely for purposes of determining whether Medicare has made any Conditional Payments on behalf of a particular Participating Class Member, and for no other purpose.  Other than as provided herein, Defendants and Defendants' Counsel shall not disclose such information to any person (other than to Medicare personnel, who are also prohibited from using such information for any other

purpose than determining whether any Conditional Payments have been made by Medicare on a Participating Class Member's behalf).  The confidentiality requirements of this Paragraph shall continue to bind Defendants and Defendants' Counsel in the event that this Agreement is rescinded, terminated, not approved by the Court, or otherwise no longer in effect.  Defendants and Defendants' Counsel will destroy all information provided pursuant to this Paragraph no later than 30 days after completion of all payments described in Sections III(A) and III(B) or termination of this Settlement Agreement as described in Section XXIII.

## VIII.    APPROVAL OF SETTLEMENT AGREEMENT

Plaintiffs and Defendants will use their best efforts to effectuate this Settlement Agreement, including cooperating in promptly seeking the Court's approval of the Settlement Agreement, the giving of appropriate Class Notice under Federal Rules of Civil Procedure 23(c) and (e), securing certification of the Settlement Class, and the prompt, complete, and final dismissal with prejudice of the Actions as to the Settling Defendants only, as follows:

A.    Within two (2) business days after the Execution Date, the Parties will jointly file with the Court a stipulation for suspension of all litigation deadlines pending approval of this Agreement.

B.    Within fourteen (14) days of the Execution Date, Class Counsel Plaintiffs will file this Agreement with the Court and will file a motion—which motion Defendants will not oppose—for the Court's Preliminary Approval of the Settlement.  Plaintiffs simultaneously shall move the Court for the entry of an Order preliminarily approving the

settlement, substantially in the form attached as Exhibit B to this Agreement, which by its terms shall:

1. Determine, preliminarily, that this Agreement and the Settlement fall within the range of reasonableness, and merit possible final approval and dissemination of Class Notice;

2. Determine, preliminarily, that Class Plaintiffs are members of the Settlement Class and that, for purposes of settlement, they: (1) satisfy the requirements of typicality; (2) adequately represent the interests of the Settlement Class; and (3) should be appointed as representatives of the Settlement Class;

3. Determine, preliminarily, that the Settlement Class meets all applicable requirements of Fed. R. Civ. P. 23, and conditionally certify the Settlement Class for purposes of the Settlement;

4. Appoint Housing Justice Center and Lockridge Grindal Nauen P.L.L.P. as Class Counsel pursuant to Fed. R. Civ. P. 23(g);

5. Schedule a Final Approval Hearing to: (1) determine, finally, whether the Settlement Class satisfies the applicable requirements of Fed. R. Civ. P. 23 and should be finally certified for settlement purposes only; (2) review objections, if any, regarding the Settlement; (3) consider further the fairness, reasonableness and adequacy of the Settlement; (4) consider Class Counsel's application for an award of reimbursement of reasonable litigation expenses and attorney fees;

(5) consider Class Counsel's application for payment of Incentive Awards; and (6) consider whether the Court shall issue the Final Order and Judgment Approving Settlement and dismissing the Action with prejudice;

6.      Set a briefing schedule for the Final Approval Hearing, Class Counsel's request for reimbursement of reasonable litigation expenses and attorney's fees, including Class Notice and claims administration expenses, and Class Counsel's request for Incentive Awards;

7.      Consider and determine that the Class Notice and Notice Program meet the requirements of Fed. R. Civ. P. 23(c)(2)(A) and due process and provide appropriate notice;

8.      Consider and approve the proposed Class Notice, Claim Form and Release, and Notice Program;

9.      Direct Class Counsel to cause the Class Notice to be disseminated in the manner set forth in the Notice Program on or before the Notice Date;

10.     Require any member of the Settlement Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement, the contemplated award of reimbursement of reasonable litigation expenses and/or the contemplated Incentive Awards, to submit to Class Counsel, postmarked on or before the Objection Deadline, a

statement of his or her objection, as well as the specific reason, if any, for each objection, including any legal support that the Settlement Class member wishes to bring to the Court's attention and any evidence that the Settlement Class Member wishes to introduce in support of his/her objection, and to state whether the Settlement Class member and/or his/her counsel wish to make an appearance at the Final Approval Hearing, or be barred from separately objecting;

11.     Continue all applicable pretrial deadlines in the Action so that Plaintiffs and Defendants shall in no way be prejudiced by their efforts to resolve the Action by means of the Settlement; and

12.     Establish (1) the date and time of the Final Approval Hearing; (2) the Notice Date; (3) the Objection Deadline; and (4) the Claims Deadline.

C.     Within seven (7) calendar days after the Court's preliminary approval of the Settlement, Class Counsel will cause to be mailed the Court-approved Class Action Settlement Notice and Claim Form and Release (attached hereto as Exhibit A) to the Class Members, in accordance with the Notice Program.

D.     Class Members shall have sixty (60) days after the date the Class Action Settlement Notice and Claim Form and Release are sent to object to the settlement and/or to return an executed Claim Form and Release (Claims Deadline).

E.     Within twenty-one (21) calendar days after the Claims Deadline, Plaintiffs shall file a motion for final approval of the class settlement which motion Defendants will not oppose. Such Final Order and Judgment Approving Settlement shall:

1.   Confirm the final certification of the Settlement Class for settlement purposes only;

2.   Confirm that the Settlement Class complies with all requirements of Fed. R. Civ. P. 23(b)(2), including confirmation of the adequacy of Plaintiffs as representatives of the Settlement Class;

3.   Confirm that the Notice Program complied in all respects with the requirements of due process and Fed. R. Civ. P. 23 by providing appropriate notice to the Settlement Class;

4.   Determine that this Agreement was entered into in good faith, is reasonable, fair and adequate, and is in the best interest of the Settlement Class;

5.   Make all appropriate and necessary findings of fact required to enter a final judgment pursuant to Fed. R. Civ. P. 58(b);

6.   Authorize the payment of Settlement Proceeds as allocated in Section IV, or in such other allocation as the Court deems appropriate;

7.   Dismiss the Second Amended Complaint with prejudice as to the Released Party and the Settlement Class and HOME Line; and

8.   Retain the Court's continuing and exclusive jurisdiction over the Parties and all Settlement Class members, for the purpose of construing and enforcing the Agreement in accordance with its terms.

F.   The Parties shall exercise their best efforts to schedule the Fairness Hearing within 30 days after the Claim Form Submission Deadline.

## IX.    TAXATION OF SETTLEMENT

A.    All settlement payments for an amount meeting or exceeding the requisite threshold shall be reported on an IRS Tax Form 1099 issued to Participating Class Members.

B.    Participating Class Members shall be solely responsible for each of their portion of all federal and state taxes, including any penalties and interest, in connection with the settlement payments they receive under this Agreement, and will indemnify, defend and hold Defendants and the Released Party harmless for each of the Participating Class Member's portion of any and all taxes, penalties, and interest they may be required to pay as a result of not properly reporting and/or withholding taxes from sums received under this Agreement.

## X.    CLAIMS ADMINISTRATION

A.    Class Counsel shall administer the Notice Program and Claims process, and oversee the disbursement of Awards to eligible members of the Settlement Class in accordance with the terms of this Agreement and the orders of the Court, subject to the Court's supervision and direction as circumstances may require.

B.    Subject to the approval of the Court, no later than seven (7) days after the Court's entry of an Order Preliminarily Approving Settlement, Class Plaintiffs shall provide notice to the Settlement Class (the "Notice Program") by mailing a Class Notice to the last known address of tenant at the Property or applicant for tenancy at the Property during the Class Period.   Class

Plaintiffs shall cause the mailing of the Class Notice to occur on a single calendar day (the "Notice Date").

C.    The Class Notice shall:

    1.    contain a short, plain statement of the background of the Action and the Settlement;

    2.    describe the Settlement relief as set forth in this Agreement;

    3.    describe the procedure for filing a claim to qualify for an Award;

    4.    explain the scope of the Release to be provided by Settlement Class Members;

    5.    explain the process for objecting to the Settlement;

    6.    explain the reason and process of supplying information regarding Medicare status;

    7.    identify Defendants and their counsel; and

    8.    identify Class Counsel.

D.    With respect to each submitted Claim Form and Release, Class Counsel and the claims administrator shall determine whether the person who submitted each such Claim Form and Release is a Settlement Class member who is eligible for an Award.

E.    Upon the Effective Date, all Settlement Class Members shall be bound by this Agreement's terms, regardless of whether they file a claim or receive any relief under this Agreement.

F.      Within twenty (20) business days of the Effective Date of Settlement, the Claims Administrator shall distribute the Awards to be made to eligible Settlement Class Members pursuant to the terms of this Agreement.  Each cash payment Award shall be paid by check and mailed to the recipient Settlement Class Member at the address provided on that Settlement Class Member's Claim Form and Release.

G.      Settlement Class Members who are eligible for and receive an Award or an Incentive Award pursuant to the terms of this Agreement shall have 180 calendar days from the date of the check that is mailed to them to cash such checks.   The checks issued to such Settlement Class Members shall prominently state that they will expire in 180 calendar days.   After the expiration of the (180) calendar day period, any uncashed checks shall be null and void, and any such funds will revert to the Equitable Relief Fund.

H.      Any disputes concerning the administration of the Settlement that are not resolved by the Parties may be submitted to the Court for determination.

## XI.     OBJECTIONS

A.      Any Settlement Class Member who intends to object to the Settlement must file with the Court a written statement of objections and must also send copies of the objections to each of the representatives of the parties as follows:

All notices to the Parties or their counsel required by this Agreement shall be made in writing and shall be sent simultaneously by electronic mail and regular mail to the following addresses:

For Plaintiffs and/or Class Counsel:

Kristen G. Marttila
Kate M. Baxter-Kauf
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN  55401
Tel:    (612) 339-6900
Fax:    (612) 339-0981
kgmarttila@locklaw.com
kmbaxter-kauf@locklaw.com

Timothy L. Thompson
Lael Robertson
Housing Justice Center
570 Asbury Street, Suite 104
Saint Paul, MN 55104
Tel:    (651) 642-0102
tthompson@hjcmn.org
lrobertson@hjcmn.org

For Defendants:

Bradley J. Lindeman
Margaret R. Ryan
MEAGHER & GEER, P.L.L.P.
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
Tel:    (612) 338-0661
Fax:    (612) 338-8384
blindeman@meagher.com
mryan@meagher.com

Donna Hanbery
Christopher Kalla
HANBERY & TURNER, P.A.
33 South Sixth Street, Suite 4160
Minneapolis, MN  55402

Tel:    (612) 340-9855
hanbery@hnclaw.com
kalla@hnclaw.com

B.      In order to object to the Settlement, the Settlement Class Member's must submit a written objection to Class Counsel containing the following information: (1) his/her name, address and telephone number, and if such Settlement Class Member is represented by counsel, the name, address and telephone number of such counsel; (2) certification that such Settlement Class Member is a Settlement Class Member; (3) a list of all legal proceedings in which the Settlement Class Member filed an objection related to any class action settlement within the past five years; (4) a written statement specifically describing all of the Settlement Class Member's objections to the Settlement and the reasons for such objections; and (5) a statement as to whether the Settlement Class Member intends to attend the Final Approval Hearing.

C.      An objecting Settlement Class Member may only object on his/her own behalf.  Any Settlement Class Member who fails to submit a timely written objection shall not be permitted to object to the approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of this Agreement, either by appeal or by other means.

## XII.  LITIGATION EXPENSES AND ATTORNEYS' FEES; INCENTIVE AWARDS

A.  Class Counsel agrees to make, and Defendants agrees not to oppose, an application for an award of reimbursement of reasonable litigation expenses and attorney fees not to exceed a total of $76,000, to be allocated as described in Section IV(E), above.  If and when ordered, such fees and expenses shall be paid from the Settlement Proceeds.  Defendants will not be liable for any attorneys' fees, costs, or expenses incurred by any party exceeding the amount set forth in this paragraph.

B.  Class Counsel agrees to make, and Defendants agrees not to oppose, an application for Incentive Awards in amounts not to exceed $2,500 for each of Jurline Bryant and Maria Johnson; amounts not to exceed $2,000 for Linda Soderstrom, Julio Stalin de Tourniel, and Viky Martinez-Melgar; and amounts not to exceed $1,000 for each of Craig Goodwin, Norma Ziegler, and Kerly Rios.  Such Incentive Awards approved by the Court, if any, will be paid from the Settlement Proceeds.  Other than what they may also be entitled to receive as Participating Class Members, Ms. Bryant, Ms. Johnson, Ms. Soderstrom, Mr. Stalin de Tourniel, Ms. Martinez-Melgar, Mr. Goodwin, Ms. Ziegler, and Ms. Rios shall be entitled to no other relief relating to the Action.

## XIII.  FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT

This Agreement is subject to and conditioned upon the issuance by the Court of the Final Order and Judgment Approving Settlement that finally certifies the Settlement Class

for settlement purposes only, and grants final approval of the Settlement and this Agreement pursuant to Fed. R. Civ. P. 23(b)(2).  Subsequent to the Claims Deadline and the determination of the aggregate number of valid Claims that have been filed by eligible Settlement Class Members, Plaintiffs shall submit to the Court a [Proposed] Final Order and Judgment Approving Settlement substantially in the form attached as Exhibit C to this Agreement.  Such Final Order and Judgment Approving Settlement shall:

A.    Confirm the final certification of the Settlement Class for settlement purposes only;

B.    Confirm that the Settlement Class complies with all requirements of Fed. R. Civ. P. 23(b)(2), including confirmation of the adequacy of Plaintiffs as representatives of the Settlement Class;

C.    Confirm that the Notice Program complied in all respects with the requirements of due process and Fed. R. Civ. P. 23 by providing appropriate notice to the Settlement Class;

D.    Determine that this Agreement was entered into in good faith, is reasonable, fair and adequate, and is in the best interest of the Settlement Class;

E.    Make all appropriate and necessary findings of fact required to enter a final judgment pursuant to Fed. R. Civ. P. 58(b);

F.    Authorize the payment of Settlement Proceeds as allocated in Section IV, or in such other allocation as the Court deems appropriate;

G.    Dismiss the Second Amended Complaint with prejudice as to the Released Party and the Settlement Class and HOME Line; and

H.   Retain the Court's continuing and exclusive jurisdiction over the Parties and all Settlement Class Members, for the purpose of construing and enforcing the Agreement in accordance with its terms.

## XIV.   REPRESENTATIONS AND WARRANTIES

A.   Defendants represent and warrant that: (a) they have the requisite corporate power and authority to execute, deliver and perform its obligations as set forth in this Agreement, and to consummate the transactions contemplated by the Agreement; (b) the execution, delivery and performance of the Agreement and its consummation of the actions contemplated by the Agreement have been duly authorized by Defendants; and (c) the Agreement has been duly and validly executed and delivered by Defendants and constitutes their legal, valid, and binding obligation.

B.   Plaintiffs represent and warrant that they are entering into this Agreement on behalf of themselves, individually and, for Class Plaintiffs, as representatives of the Settlement Class and the Releasing Parties, of their own free will and without any consideration other than what is provided in this Agreement or disclosed to, and authorized by, the Court.   All Plaintiffs represent and warrant that they have reviewed the terms of the Agreement, believe it to be fair and reasonable, and covenant that they will not object to the Settlement.

C.   The Parties warrant that no promise, inducement or consideration for the Settlement has been made, except as set forth in this Agreement.   No consideration, amount or sum paid, accredited, offered or expended by

Defendants in their performance of the Agreement and the Settlement constitutes a fine, penalty, punitive damages or other form of assessment for any claim asserted against it.

## XV.  NO ADMISSION

Nothing contained in this Agreement shall be construed as an admission by any Party to the Agreement of any fault, liability or wrongdoing whatsoever.

## XVI.  ENTIRE AGREEMENT

This Agreement, including its Exhibits, shall constitute the entire Agreement among the Parties with respect to the Settlement with respect to the subject matter of the Settlement.  This Agreement may not be changed, modified, altered or amended except in a writing signed by all Parties and, if required, approved by the Court.

## XVII. GOVERNING LAW

This Agreement shall be governed by and construed in accordance with the laws of the State of Minnesota, without regard to its choice of law and conflicts of law rules.

## XVIII.  EXECUTION

This Agreement shall be binding upon the Parties upon their execution, through counsel, of the Agreement.  The Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Agreement.  The delivery by electronic mail or facsimile transmission of any signature on this Agreement shall be deemed to be a valid signature as of its transmission, but any Party may insist upon delivery of an original signed counterpart of the Agreement in addition to any copy transmitted by electronic mail or facsimile.

### XIX.  NEGOTIATION; WAIVER

A.      This Agreement has been negotiated and reviewed by all Parties to it, and no provision of this Agreement shall be construed against any Party on the ground that such party was the drafter of that provision, or for any other reason.

B.      The waiver by one Party of any provision or breach of this Agreement shall not be deemed to have waived any other provision or breach of the Agreement.

### XX.  LEGAL REPRESENTATION

The Parties to this Settlement Agreement acknowledge that they have been represented by qualified legal counsel both in connection with the Action and in connection with the negotiation, drafting, and execution of this Settlement Agreement.  Accordingly, the language used in this Settlement Agreement will be deemed to be language chosen by all the Parties to express their mutual intent, and no rule of strict construction against any Party will apply to any term or condition of this Settlement Agreement.

### XXI.  WAIVER OF BREACH

The waiver by one party of any breach of this Settlement Agreement by any other party shall not be deemed a waiver by that party, or by any other undersigned party, of any other prior or subsequent breach of this Settlement Agreement.

### XXII. CONTINUING JURISDICTION

The Court shall retain jurisdiction over the implementation of this Settlement Agreement.  Any disputes with respect to claims administration and the content and

delivery of the Class Notice shall be submitted to Magistrate Judge Katherine M. Menendez for binding resolution, with costs and fees to be allocated in her sole discretion.

## XXIII.  TERMINATION

A.    In the event that:

1.    the Court does not conditionally and finally certify the Settlement Class as defined in this Agreement, or the Court's order certifying the Settlement Class is reversed, vacated or modified in any respect by another court; or

2.    the Court does not enter a Final Order and Judgment Approving Settlement conforming in all material respects to Section XIII of this Agreement and Exhibit C to the Agreement, or if entered, such Final Order and Judgment Approving Settlement is reversed, vacated, or modified in any material respect by another court, either the Class Plaintiffs collectively, or HOME Line individually, or Defendants, may terminate this Agreement within twenty (20) business days of the event giving rise to the right to terminate by serving written notice upon the other Party's counsel and filing such notice with the Court. Any failure of the Court to award (i) reasonable litigation expenses and attorneys' fees to Class Counsel at all, or in the amounts sought by Class Counsel, or (ii) Incentive Awards at all, or in the amounts sought, shall not provide a basis for termination of this Agreement.

B.      In the event of the termination of this Agreement, all Parties shall be restored to their respective positions as of the date immediately prior to the Execution Date.   Upon termination, Section XV (entitled "No Admission") of the Agreement shall survive and be binding upon the Parties, but the Agreement shall otherwise be null and void.

IN WITNESS WHEREOF, each of the Parties hereto has caused this Agreement to be executed, as of the date set forth below.

Date:  September 29, 2017          LOCKRIDGE GRINDAL NAUEN P.L.L.P.

Charles N. Nauen (#121216)
Kristen G. Marttila (#0346007)
Kate M. Baxter-Kauf (#392037)
100 Washington Avenue South, Suite 2200
Minneapolis, MN  55401
Tel:  (612) 339-6900
Fax:  (612) 339-0981
cnnauen@locklaw.com
kgmarttila@locklaw.com
kmbaxter-kauf@locklaw.com

Timothy L. Thompson (#0109447)
John D. Cann (#174841)
Lael Robertson (#0348211)
Housing Justice Center
570 Asbury Street, Suite 104
Saint Paul, MN 55104
Telephone:  (651) 642-0102
tthompson@hjcmn.org
lrobertson@hjcmn.org

**INTERIM CLASS COUNSEL**

Dated:  September 27th, 2017

MSP Crossroads Apartments LLC
By: MLG PF Manager II LLC

By: _____
Authorized Representative

38

Dated:  September 29th, 2017          Soderberg Apartment Specialists (SAS)

By: _____

Authorized Representative

# EXHIBIT A

## CLAIM FORM AND RELEASE

*Linda Lee Soderstrom, Maria Johnson, Craig Goodwin, Jurline Bryant, and Julio Stalin de Tourniel, on behalf of themselves and others similarly situated, and HOME Line, a Minnesota nonprofit corporation, v. MSP Crossroads Apartments LLC, a Minnesota corporation, and Soderberg Apartment Specialists (SAS), a Minnesota corporation, Case No. 0:16-cv-00233, United States District Court, District of Minnesota*

**Instructions**

1.  If you would like to receive a cash award from the funds allocated to be paid as part of the settlement of the above action, you must complete this Claim Form.  If the court approves the settlement, all class members will be deemed to have released their claims (subject to exceptions specifically described in the settlement agreement), but ONLY people who complete and return this Claim Form will be eligible to receive settlement payments.

2.  This Claim Form must be postmarked on or before _____, 2017 and sent by regular mail to the following address: [ADDRESS] or by submission electronically to [ADDRESS].

3.  There are two subsets of class members who may be eligible for payments:

    (a)  The **Displacement Class**: The Displacement Class includes all persons who were tenants at the rental housing complex headquartered at 7620 Penn Ave South, Richfield, MN 55423, formerly known as Crossroads At Penn and currently known as Concierge Apartments, and including 7600, 7610, 7700, 7710, and 7720 Penn Ave (the "Property"), as of September 30, 2015, but no longer reside there and whose household at the time of occupancy of the property included at least one person qualifying as a member of a protected class under the Fair Housing Act, 42 U.S.C. § 3602 et seq., (the "Act") under one of the following categories:

    > Non-white;
    > Handicapped as defined by the Act;
    > National origin; and
    > Familial status, limited to those tenants who had or desired to have more than two individuals reside in the unit due to at least one individual under the age of 18 residing in the unit.

    (b)  The **Application Class**: The Application Class includes all persons who, from September 30, 2015, until the Execution Date of this Settlement Agreement, either applied for tenancy at the Property, but were rejected, or completed a Guest Card expressing interest in tenancy at the Property but did not apply, as a result of the screening criteria imposed by Defendants and whose household included at least one person qualifying as a member of a protected class under the Act, under one of the following categories:

    > Non-white;
    > Handicapped as defined by the Act;
    > National origin; and
    > Familial status, limited to those tenants who had or desired to have more than two individuals reside in the unit due to at least one individual under the age of 18 residing in the unit.

4.  **If multiple members of the Displacement Class were associated with the same Unit at Crossroads and timely submit a valid, executed Claim Form, each such person will receive a pro rata share of the funds allocated for that Unit.**

5.  You must answer each question and provide all of the information requested in this Claim Form in order to be eligible for a Benefit. If you do not have a Social Security Number, you are still eligible to apply for a payment.

6.  **You may apply under either class subset (Displacement or Application) or you may apply under both subsets if you believe you qualify.**

7.  You must sign and date the declaration at the end of this Claim Form.

8.  You will be solely responsible for any taxes due on, or tax consequences resulting from, any payment you may receive in connection with this case.

9.  If you have any questions about filling out this form or have any other questions regarding the settlement, you may contact the toll-free number set up for this lawsuit at PHONE NUMBER, or visit the website set up for this lawsuit at WEBSITE ADDRESS.

**Please Complete the Following Class Member Information**

Name: _____

Current Mailing Address: _____

Social Security Number **(if none, write "NONE")**:  _____-_____-_____

Date of Birth:  _____-_____-_____

Gender: _____

Email Address (optional): _____

Telephone Number (optional): _____

Address at Crossroads Property, including Unit # (if applicable):

_____

**A.  Displacement Class Eligibility:**

(a) On September 30, 2015, did you reside at the rental housing complex headquartered at 7620 Penn Ave South, Richfield, MN 55423, formerly known as Crossroads At Penn and currently known as Concierge Apartments?

Yes_____          No_____

(b) Do you currently reside at the rental housing complex headquartered at 7620 Penn Ave South, Richfield, MN 55423, formerly known as Crossroads At Penn and currently known as Concierge Apartments?

Yes_____          No_____

(c) When you resided at the rental housing complex headquartered at 7620 Penn Ave South, Richfield, MN 55423, formerly known as Crossroads At Penn and currently known as Concierge Apartments, did your household include at least one person (including yourself) qualifying as a member of a protected class under the Fair Housing Act, 42 U.S.C. § 3602 et seq., (the "Act") under one of the following categories:

_____    Non-white

_____    Handicapped as defined by the Act

_____    National origin

_____    Familial status, limited to those tenants who had or desired to have more than two individuals reside in the unit due to at least one individual under the age of 18 residing in the unit

Please check all that apply.

2

**B. Application Class Eligibility**:

(a) Did you apply (or re-apply) for tenancy at the rental housing complex headquartered at 7620 Penn Ave South, Richfield, MN 55423, formerly known as Crossroads At Penn and currently known as Concierge Apartments, but were rejected as a result of the screening criteria imposed by Defendants, from September 30, 2015, until [DATE that is the Execution Date of this Settlement Agreement]?

Yes_____          No_____

(b) Did you complete a Guest Card expressing interest in tenancy at the rental housing complex headquartered at 7620 Penn Ave South, Richfield, MN 55423, formerly known as Crossroads At Penn and currently known as Concierge Apartments, but not apply for tenancy as a result of the screening criteria imposed by Defendants, from September 30, 2015, until [DATE that is the Execution Date of this Settlement Agreement]?

Yes_____          No_____

(c) If you said yes to EITHER of the two prior questions, were you living with or seeking to live with at least one person (including yourself) qualifying as a member of a protected class under the Fair Housing Act, 42 U.S.C. § 3602 et seq., (the "Act") under one of the following categories:

_____     Non-white

_____     Handicapped as defined by the Act

_____     National origin

_____     Familial status, limited to those tenants who had or desired to have more than two individuals reside in the unit due to at least one individual under the age of 18 residing in the unit

Please check all that apply.

**C.  Medicare Status**

Under certain circumstances, federal law requires that a settlement payment that normally would be paid to a class member must instead be paid to Medicare, to reimburse Medicare for money it previously spent on certain medical treatment arising from the class member's claims ("Conditional Payments").  The information collected in this section is intended to determine if your claim falls into the narrow category of claims that may be affected by this federal law.

By submitting this claim form, you agree that if the information you provide in this Section is inaccurate or incomplete, you will indemnify the Releasing Party for any resulting debts or liabilities that Medicare (or anyone acting on Medicare's behalf) may assert against the Released Party and any attorney's fees or expenses the Released Party may incur in connection with such debts or liabilities, and that the Released Party will have the right to seek repayment of any claim you may receive.

| Medicare Status Representations | Initial Here: |
|---|---|
| 1. I **[was / was not] (circle one)** enrolled in the Medicare program at the time of the events giving rise to the claims released in this litigation (i.e., the date I was displaced from the Property, or the date my application for tenancy at the Property was denied, or the date I completed a Guest Card expressing interest in living at the Property) or at any time since then through the date of this Claim Form and Release.<br><br>**IF YOU CIRCLED "WAS NOT", YOU HAVE COMPLETED SECTION C. SIGN AND DATE THE DECLARATION IN SECTION D.**<br><br>**IF YOU CIRCLED "WAS," PROCEED TO THE NEXT ITEM.** | _____ |
| 2. I **[have / have not] (circle one)** received Medicare benefits for medical services or items arising from the claims released in this litigation.<br><br>**IF YOU CIRCLED HAVE NOT, YOU HAVE COMPLETED SECTION C. SIGN AND DATE THE DECLARATION IN SECTION D.**<br><br>**IF YOU CIRCLED HAVE, PROCEED TO THE NEXT ITEM.** | _____ |
| 3. I understand that if I am, or have been, a Medicare beneficiary, any potential payment to me will be held in escrow until the Released Party has confirmed with Medicare that no Conditional Payments have been made, or, if necessary, until I resolve with Medicare the reimbursement of any Conditional Payments Medicare has made on my behalf that arise from the Released Claims. I understand that if any Conditional Payments have been made by Medicare, my settlement payment will first be used to satisfy Medicare's reimbursement rights under federal law, and that I alone will be responsible for resolving any disputes with Medicare over the Conditional Payments. | _____ |

**D. Declaration**

I declare, under penalty of perjury under the laws of the United States, that all of the information provided in this Claim Form, including information related to my Medicare status and my name, gender, date of birth, and Social Security Number (if any), is true and correct to the best of my knowledge.

_____
Signature

_____
Print Name

_____
Date

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Linda Lee Soderstrom, Maria Johnson, Craig Goodwin, Jurline Bryant, and Julio Stalin de Tourniel, *on behalf of themselves and others similarly situated*, and<br><br>HOME Line, *a Minnesota nonprofit corporation*,<br><br>Plaintiffs,<br><br>v.<br><br>MSP Crossroads Apartments LLC, *a Minnesota corporation*, and Soderberg Apartment Specialists (SAS), *a Minnesota corporation*,<br><br>Defendants. | Civil No.  0:16-cv-00233 (ADM/KMM) |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS, APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL, APPROVAL OF SETTLEMENT NOTICE AND DISTRIBUTION, APPOINTMENT OF A SETTLEMENT ADMINISTRATOR, AND <u>SCHEDULING OF A FINAL APPROVAL HEARING</u>

WHEREAS, Plaintiffs Linda Lee Soderstrom, Maria Johnson, Craig Goodwin, Jurline Bryant, and Julio Stalin de Tourniel (collectively, the "Class Plaintiffs"), Plaintiff HOME Line, and Defendants MSP Crossroads Apartments LLC and Soderberg Apartment Specialists (SAS), have entered into a Stipulation and Agreement of Settlement, dated as of XXXX ("Settlement Agreement"), which is intended to resolve the above-entitled class action litigation (the "Action");

WHEREAS, the Court finds that it has jurisdiction over the Action and each of the parties to the Settlement Agreement; and

WHEREAS, the Settlement Agreement, together with the Exhibits thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice; and

WHEREAS, the Court has reviewed Plaintiffs' unopposed Motion for Preliminary Approval of Settlement and supporting Memorandum of Law, together with the Settlement Agreement and the Exhibits thereto; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arm's length settlement negotiations between competent and experienced counsel, and is further satisfied that the requirements for granting preliminary approval of the Settlement are otherwise satisfied;

**IT IS HEREBY ORDERED** as follows:

## I.      Preliminary Approval of the Settlement Agreement

A.      Unless otherwise provided herein, the terms used in this Order are defined in accordance with the definitions of such terms set forth in the Settlement Agreement.

B.      The terms of the Settlement Agreement are hereby preliminarily approved, subject to further consideration at the Final Approval Hearing provided for herein.  The Court finds that the Settlement encompassed by the Settlement Agreement is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the

Settlement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that Notice of the Settlement should be given.

## II. Conditional Certification of the Settlement Class

A.     The Court conditionally finds that named Plaintiffs Linda Lee Soderstrom, Maria Johnson, Craig Goodwin, Jurline Bryant, and Julio Stalin de Tourniel are members of the Displacement Class and that, for purposes of settlement, they: (1) satisfy the requirements of typicality; (2) adequately represent the interests of the Displacement Class; and (3) should be appointed as representatives of the Displacement Class.

B.     The Court conditionally finds that named Plaintiffs Linda Lee Soderstrom, Maria Johnson, and Jurline Bryant  are members of the Application Class, and that, for purposes of settlement, they: (1) satisfy the requirements of typicality; (2) adequately represent the interests of the Application Class; and (3) should be appointed as representatives of the Application Class.

C.     The Court conditionally determines that the Displacement Class and the Application Class meet all applicable requirements of Fed. R. Civ. P. 23, and the Court conditionally certifies, for settlement purposes only, the following Settlement Class, made up of two classes (the "Displacement Class" and the "Application Class," or collectively, the "Classes") under Federal Rule of Civil Procedure 23(b)(2) defined as:

(a)     **The Displacement Class.**  All persons who were tenants at the Property as of September 30, 2015, but no longer reside there and whose household at the time of their occupancy of the property included at least one person

qualifying as a member of a protected class under the Fair Housing Act, 42 U.S.C. § 3602 et seq., (the "Act") under one of the following categories:

1.    Non-white;

2.    Handicapped as defined by the Act;

3.    National origin; and

4.    Familial status.  In this case, that would be limited to tenants who had or desired to have more than two individuals reside in the unit due to at least one individual under the age of 18 residing in the unit.

(b)    **The Application Class.**  All persons who, from September 30, 2015, until the Execution Date of this Settlement Agreement, either applied for tenancy at the Property but were rejected, or completed a Guest Card expressing interest in tenancy at the Property but did not apply, as a result of the screening criteria imposed by Defendants and whose household included at least one person qualifying as a member of a protected class under the Act, under one of the following categories:

1.    Non-white;

2.    Handicapped as defined by the Act;

3.    National origin; and

4.    Familial status.  In this case, that would be limited to tenants who had or desired to have more than two individuals reside in the unit due to at least one individual under the age of 18 residing in the unit.

## III.     Appointment of Class Counsel

A.     The Court hereby appoints the Housing Justice Center and Lockridge Grindal Nauen P.L.L.P. as Class Counsel for the Settlement Class.

B.     In appointing Class Counsel for the Settlement Class, the Court has considered the work that such counsel have performed in representing Plaintiffs, counsel's experience in handling class actions and other complex litigation, and in prosecuting the types of claims asserted in the action, counsel's knowledge of the applicable law, and the resources counsel has committed and will continue to commit to representing the class. The Court finds, pursuant to Fed. R. Civ. P. 23(g), that such counsel will fairly and adequately represent the interest of the class and meets the standards outlined in Fed. R. Civ. P. 23(g)(1).

## IV.     Final Approval Hearing and Related Deadlines

A.     The Court hereby sets a Final Approval Hearing to: (1) finally determine whether the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23 and should be finally certified for settlement purposes only; (2) review objections, if any, to the Settlement Agreement and the Settlement terms set forth therein; (3) consider the fairness, reasonableness and adequacy of the Settlement; (4) consider Class Counsel's application for an award of reimbursement of reasonable litigation expenses and attorney's fees; (5) consider Class Counsel's application for payment of Incentive Awards; and (6) consider whether the Court shall issue a final order and judgment approving the settlement and dismissing the Action with prejudice pursuant to Minn. R. Civ. P. 54.02.

B.   The Final Approval Hearing is scheduled for _____ a.m./p.m. on

_____, 2017 ("Final Approval Hearing Date") at the United States District

Court for the District of Minnesota, United States Courthouse, Courtroom 13W, 300 South

Fourth Street, Minneapolis, Minnesota 55415.

C.   The Court further sets the following additional deadlines:

(1)   Class Notice shall be provided to the Settlement Class no later than

seven (7) calendar days after entry of this Order (the "Notice Date");

(2)   Objections to the Settlement shall be filed with the Court and a copy

mailed or electronically submitted to counsel for the Parties at the physical or electronic

address provided in the Notice and/or postmarked no later than sixty (60) days after the

Notice Date (the "Objection Deadline");

(3)   All Claim Forms shall be mailed or electronically submitted to the

Notice Provider at the physical or electronic address provided in the Notice and/or

postmarked no later than sixty (60) days after the Notice Date (the "Claims Deadline");

(4)   All briefing and/or other papers to be submitted in support of final

approval of the Settlement, or in opposition to any Objection to the Settlement, shall be

filed within twenty-one (21) calendar days after the Claims Deadline;

(5)   All briefing and/or other papers to be submitted in support of the

application for an award of reimbursement of reasonable litigation expenses and attorney's

fees or for Incentive Awards, shall be filed within twenty-one (21) calendar days after the

Claims Deadline;

(6)     All briefing and/or other papers to be submitted in support of any Objection to the Settlement, the Settlement Agreement, and/or the application for an award of reimbursement of reasonable litigation expenses and attorney's fees or for Incentive Awards, shall be filed within forty-five (45) calendar days after the Claims Deadline;

(7)     All briefing responding to any Objection to the Settlement, the Settlement Agreement, and/or the application for an award of reimbursement of reasonable litigation expenses and attorney's fees or for Incentive Awards, shall be filed at least seven (7) calendar days before the Final Approval Hearing.

D.     The Final Approval Hearing Date shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court.

## V.     Notice to Settlement Class

A.     The Court finds that the Notice Program: (1) meets the requirements of Fed. R. Civ. P. 23(c)(2)(a) and due process; (2) directs notice in a reasonable matter to all Class Members who would be bound by the proposal; (3) is the best practicable notice under the circumstances; (3) is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action and their right to object to the Settlement; and (4) is reasonable and constitutes due, adequate and sufficient notice to all those entitled to receive notice of the Settlement.

B.     The Court hereby approves the Notice Program, Class Notice and Claim Form as set forth in the Settlement Agreement and as attached as Exhibits to the Settlement Agreement.  Class Counsel shall cause the Class Notice and Claim Form to be disseminated

in the manner set forth in the Notice Program on or before the Notice Date.  Prior to the

Final Approval Hearing, the Parties, through their counsel, shall file with the Court a sworn

statement attesting to compliance with the Notice Program.

C.     The Court appoints JND Legal Administration LLC as the Claims

Administrator in this Action.

## VI.     Objection to Settlement

A.     Any member of the Settlement Class may, but need not, submit comments or

objections concerning the Settlement.  Any Settlement Class Member may object to the

fairness, reasonableness or adequacy of: (1) any of the terms of the Settlement; (2) entry of

a Final Order and Judgment approving the Settlement; (3) Class Counsel's application for

attorneys' fees and expenses; and/or (4) Class Counsel's application for Incentive Awards

for Plaintiffs.  To do so, any Settlement Class Member must comply with the terms for

objections to the settlement as set forth in the Settlement Agreement and the Notice, and

must submit to Class Counsel, postmarked on or before the Objection Deadline, a statement

of his or her objection, as well as the specific reason, if any, for each objection, including

any legal support that the Settlement Class Member wishes to bring to the Court's attention

and any evidence that the Settlement Class Member wishes to introduce in support of

his/her objection, and to state whether the Settlement Class Member and/or his/her counsel

wish to make an appearance at the Final Approval Hearing.

B.     Any member of the Settlement Class making an objection must personally

sign the objection, and include the following information in the objection: (1) his/her name,

address and telephone number, and if such Settlement Class Member is represented by

counsel, the name, address and telephone number of such counsel; (2) certification that such Settlement Class Member is a Settlement Class Member; (3) a list of all legal proceedings in which the Settlement Class Member filed an objection related to any class action settlement within the past five years; (4) a written statement specifically describing all of the Settlement Class Member's objections to the Settlement and the reasons for such objections; and (5) a statement as to whether the Settlement Class Member intends to attend the Final Approval Hearing.

C.      Only members of the Settlement Class who served valid and timely objections in accordance with the terms of the Settlement Agreement shall be entitled to be heard at the Final Approval Hearing.  An objecting Settlement Class Member may only object on his/her own behalf.  Any Settlement Class Member who does not timely serve a valid and timely objection shall be deemed to have waived any such objection, and shall be foreclosed from seeking any review of the Settlement or the terms of this Agreement, either by appeal or by other means.

## VII.   Additional Orders

A.      All applicable pre-trial deadlines in the Action shall be continued indefinitely so that the Parties shall in no way be prejudiced by their efforts to resolve the Action through the Settlement Agreement.

B.      If the Settlement Agreement is terminated and/or the Settlement is not consummated for any reason, all Parties shall be restored to their respective positions as of the date immediately prior to the Execution Date of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: _____, 2017

_____
HON. ANN D. MONTGOMERY
United States District Judge

EXHIBIT C

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Linda Lee Soderstrom, Maria Johnson, Craig Goodwin, Jurline Bryant, and Julio Stalin de Tourniel, *on behalf of themselves and others similarly situated*, and<br><br>HOME Line, *a Minnesota nonprofit corporation*,<br><br>Plaintiffs,<br><br>v.<br><br>MSP Crossroads Apartments LLC, *a Minnesota corporation*, and Soderberg Apartment Specialists (SAS), *a Minnesota corporation*,<br><br>Defendants. | Civil No.  0:16-cv-00233 (ADM/KMM) |

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS, APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL, APPROVAL OF SETTLEMENT NOTICE AND DISTRIBUTION, APPOINTMENT OF A SETTLEMENT ADMINISTRATOR, AND <u>SCHEDULING OF A FINAL APPROVAL HEARING</u>**

WHEREAS, this matter is before the Court pursuant to Plaintiffs Linda Lee Soderstrom, Maria Johnson, Craig Goodwin, Jurline Bryant, and Julio Stalin de Tourniel (collectively, the "Class Plaintiffs"), and Plaintiff HOME Line's Motion for Order and Judgment Granting Final Approval of Class Action Settlement and Certifying Settlement Class (the "Motion");

WHEREAS, the Court finds that it has jurisdiction over the Action and each of the parties to the Settlement Agreement; and

WHEREAS, on [DATE], the Court granted Plaintiffs' unopposed Motion for Preliminary Approval of Class Action Settlement and Conditional Certification of Settlement Class (the "Preliminary Approval Order");

WHEREAS, the Court held a hearing on [DATE] to consider the fairness, reasonableness and adequacy of the settlement, and has been advised of all objections to the settlement and has given fair consideration to such objections;

WHEREAS, the Court has considered (1) the Motion, (2) the Stipulation and Agreement of Settlement dated as of [DATE] ("Settlement Agreement"), and the Exhibits thereto, and (3) the objections to the settlement, if any;

WHEREAS, the Court is otherwise fully advised and has considered the record of these proceedings and the applicable law;

**IT IS HEREBY ORDERED** as follows:

## I.    Final Approval of the Settlement Agreement

A.     Unless otherwise provided herein, the terms used in this Order and Judgment are defined in accordance with the definitions of such terms set forth in the Settlement Agreement.

B.     The terms of the Settlement Agreement are approved. The Settlement is in all respects fair, reasonable, adequate and proper, and in the best interest of the Settlement Class. In reaching this conclusion, the Court has considered factors that include: (1) an assessment of the likelihood that Plaintiffs would prevail at trial; (2) the range of possible

recovery available to Plaintiffs and the Settlement Class; (3) the consideration provided to Settlement Class members pursuant to the Settlement Agreement as compared to the range of possible recovery discounted for the inherent risks of litigation; (4) the complexity, expense and possible duration of the Action in the absence of a settlement; (5) the nature and extent of the objections to the Settlement, if any; and (6) the stage of proceedings at which the Settlement was reached.

C.      The Settlement Agreement was entered into by experienced counsel after extensive, arm's length negotiations.  The Settlement is not the result of collusion.  The Settlement was entered into in good faith.  Class Counsel and Plaintiffs have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement.

D.      The Court finds that there is no just reason for delay in entering the Final Order and Judgment Approving Settlement pursuant to Fed. R. Civ. P. 54(b), because: (1) delay would not be in the best interests of the Settlement Class Members, who will be able to receive Awards shortly after entry of the Final Order and Judgment Approving Settlement; and (2) judicial economy and administration would be served by the efficient resolution of the claims of Settlement Class Members by means of the Settlement.

## II.    Certification of the Settlement Class

A.      The Court conditionally certified the following Settlement Class, made up of two classes (the "Displacement Class" and the "Application Class," or collectively, the "Classes") in the Preliminary Approval Order:

(a)    **The Displacement Class.**   All persons who were tenants at the Property as of September 30, 2015, but no longer reside there and whose household at the time of their occupancy of the property included at least one person qualifying as a member of a protected class under the Fair Housing Act, 42 U.S.C. § 3602 et seq., (the "Act") under one of the following categories:

1.    Non-white;

2.    Handicapped as defined by the Act;

3.    National origin; and

4.    Familial status.  In this case, that would be limited to tenants who had or desired to have more than two individuals reside in the unit due to at least one individual under the age of 18 residing in the unit.

(b)    **The Application Class.**  All persons who, from September 30, 2015, until the Execution Date of this Settlement Agreement, either applied for tenancy at the Property but were rejected, or completed a Guest Card expressing interest in tenancy at the Property but did not apply, as a result of the screening criteria imposed by Defendants and whose household included at least one person qualifying as a member of a protected class under the Act, under one of the following categories:

1.    Non-white;

2.    Handicapped as defined by the Act;

3.    National origin; and

        4.      Familial status.  In this case, that would be limited to tenants who had or desired to have more than two individuals reside in the unit due to at least one individual under the age of 18 residing in the unit.

B.     The Court finds that, for purposes of settlement of the Action only, the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a), as follows:

     (1)    In accordance with Fed. R. Civ. P. 23(a)(1), the Settlement Class members are so numerous that joinder of all such persons is impracticable.

     (2)    In accordance with Fed. R. Civ. P. 23(a)(2), there are questions of law and/or fact common to the Settlement Class Members.

     (3)    In accordance with Fed. R. Civ. P. 23(a)(3), the claims of the Class Representatives are typical of the claims of the Settlement Class.

     (4)    In accordance with Fed. R. Civ. P. 23(a)(4), the Class Representatives will fairly and adequately represent the interests of the Settlement Class, and do not have interests that are antagonistic to the Settlement Class.

C.     The Court finds that, for purposes of settlement of the Action only, the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(b)(2), because Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

D.     The Court therefore certifies, for settlement purposes only, the Settlement Class as defined in Section II(A) of this Order.

III.    **Notice to Settlement Class**

A.     The Court finds that the Notice Program (1) met the requirements of Fed. R. Civ. P. 23(c)(2)(a) and due process; (2) directed notice in a reasonable matter to all class members who would be bound by the proposal; (3) was the best practicable notice under the circumstances; (3) reasonably apprised members of the Settlement Class of the pendency of the Action and their right to object to the Settlement; and (4) was reasonable and constitutes due, adequate and sufficient notice to all those entitled to receive notice of the Settlement.

B.     The Court further finds, pursuant to Fed. R. Civ. P. 23(e) that the Class Notice adequately informed Settlement Class members of their rights with respect to the Action.

IV.    **Dismissal With Prejudice**

The Court hereby enters a judgment of dismissal of the Complaint in the Action with prejudice and without costs (except as specified herein), pursuant to Fed. R. Civ. P. 54 and Fed. R. Civ. P. 58.

V.     **Allocation of Settlement Proceeds, Including Attorneys' Fees and Expenses and Incentive Awards**

A.     The Court hereby approves the settlement terms and plan of distribution set forth in the Settlement Agreement as fair, reasonable, and adequate.

B.     The equitable relief set forth in the Parties' Settlement Agreement is fair, reasonable, and adequate and addresses the claims for injunctive relief of the Class as a whole.

C.     The Parties are ordered to follow the settlement allocation process and timeline specified in their Settlement Agreement.  Consistent with that timeline, within 10 days of the Effective Date of the Settlement Agreement, Defendants shall pay a total of $650,000 (the "Settlement Proceeds") to Class Counsel's designee, pursuant to instructions to be provided by Class Counsel.  However, if any Participating Class Member is determined to be a Medicare beneficiary, payment to that class member shall be held in the client trust account of Defendants' attorneys until such time as any potential lien claimed by Medicare is resolved.  If the lien may not be resolved, any amounts that are held in trust pending resolution of potential liens from Medicare may be excepted from this payment until the potential lien claim is resolved.

D.     From the Settlement Proceeds referenced in Paragraph V.C. above, a minimum of $200,000, plus any funds remaining unspent after the notice and claims administration costs have been fully paid, and any funds deemed waived following expiration of a check shall be allocated to the NOAH Impact Fund, which is a subsidiary non-profit entity of the Greater Minnesota Housing Fund, for the purpose of assisting in the acquisition and preservation of naturally affordable rental properties in the Twin Cities Metro Area at risk of conversion to higher rents and the threat of displacement of low and moderate income residents.

E.     From the Settlement Proceeds referenced in Paragraph V.C. above, a total of $300,000 will be allocated to Participating Class Members as follows:

a.     A total of $290,000 will be allocated to Participating Class Members with respect to the Displacement Class to Participating Class

Members who timely submit an executed Claim Form and Release. Individual payments from this amount will be made consistent with the *pro rata* allocations agreed upon by the parties as set forth in the Settlement Agreement.

b.    A total of $10,000 will be allocated with respect to the Application Class to Participating Class Members who timely submit an executed Claim Form and Release.  Individual payments from this amount will not exceed $25 per Participating Class Member, and any funds allocated but not distributed will revert to the Equitable Relief Fund.

F.    From the Settlement Proceeds referenced in Paragraph V.C. above, the following additional amounts shall be paid to certain current or former Class Representatives or Plaintiffs for their participation in the litigation:

a.    *Tier 1.*  Certain current or former Class Representatives who testified at a deposition in the Action *and* who attended one or more settlement conferences in their capacity as class representatives—Jurline Bryant and Maria Johnson—shall each be paid $2,500 as an Incentive Award.

b.    *Tier 2.*  Certain current or former Class Representatives who either testified at a deposition in the Action *or* who attended one or more settlement conferences in their capacity as class representatives—Linda Soderstrom, Julio Stalin de Tourniel, and Viky Martinez-Melgar—shall each be paid $2,000 as an Incentive Award.

      c. *Tier 3.*  Certain current or former Class Representatives or Plaintiffs who produced documents to Defendants in the Action—Craig Goodwin, Norma Ziegler, and Kerly Rios—shall each be paid $1,000 as an Incentive Award.

G.     From the Settlement Proceeds referenced in Paragraph V.C. above, Plaintiff HOME Line shall be allocated $40,000 to resolve all claims brought on its own behalf in the Action.

H.     From the Settlement Proceeds referenced in Paragraph V.C above, Class Counsel shall be allocated a total of $76,000 as reimbursement of reasonable litigation expenses and attorney's fees, as follows:

      a.     Housing Justice Center shall be allocated $46,000 as reimbursement of its reasonable litigation expenses and attorney's fees; and

      b.     Lockridge Grindal Nauen P.L.L.P. will be allocated $30,000 as reimbursement of its reasonable litigation expenses and attorney's fees.

I.     From the Settlement Proceeds referenced in Paragraph V.C above, [AMOUNT] shall be allocated to the Claims Administrator, and [AMOUNT] shall be allocated to Plaintiff HOME Line, for expenses incurred and fair compensation for work related to the Notice Program and Claims Administration.

J.     Any settlement funds relating to un-cashed checks issued as Settlement Proceeds, allocated but un-used Notice Costs, allocated but un-distributed Application Class Funds, or other residual settlement funds shall revert to the Equitable Relief Funds.

## VI.    Releases

A.    The Court finds that, pursuant to the terms of the Settlement Agreement, each Releasing Party shall be deemed to have released and forever discharged each Released Party of and from liability for any and all Released Claims as defined in the Settlement Agreement.

B.    The Court further finds that, pursuant to the terms of the Settlement Agreement, each Released Party shall be deemed to have fully, finally and forever released, relinquished and discharged each and all of the Plaintiffs and members of the Settlement Class, and their attorneys, accountants, experts, consultants, insurers and agents, from all claims of every nature and description, known or unknown, relating to the initiation, assertion or prosecution of the Action and/or the Released Claims.

## VII.   Objections

The Court hereby overrules any and all objections to the Settlement and finds that the Settlement Agreement is in all respects fair, reasonable, adequate and proper.

## VIII.  Continuing Jurisdiction

Without in any way affecting the finality of this Order and Judgment, the Court hereby retains jurisdiction over the Parties to the Settlement, including all Settlement Class members, to construe and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the Parties.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: _____, 2017

_____
HON. ANN D. MONTGOMERY
United States District Judge